(No. 11330.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JULIUS F. TAYLOR, Plaintiff in Error.

*Opinion filed June 21, 1917—Rehearing denied October 4, 1917.*

1. CRIMINAL LAW—*burden of proving truth of alleged libel is on the defendant.* Under the statute the truth, if published with good motives and for justifiable ends, is a sufficient defense to a prosecution for libel, but the burden of establishing such defense by a preponderance of the evidence is upon the defendant.

2. SAME—*when trial court is not required to pass on propositions of law.* The trial court is not required to pass upon propositions of law submitted in a criminal case tried before the court without a jury.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding.

WALTER M. FARMER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Plaintiff in error was found guilty in the municipal court of Chicago of criminal libel and fined $100. On a writ of error the case was taken to the Appellate Court, where the judgment of the municipal court was affirmed, and the case has been brought to this court by writ of error.

279 – 31

Plaintiff in error is the publisher of a newspaper known as *The Broad Ax.* In that paper, on May 1, 1915, he published with reference to the prosecuting witness, Thomas Wallace Swann, among other statements, the following: "There is one thing that we do know, and that is that the testimony of the Hon. Thomas Wallace Swann was discredited recently before Judge C. M. Foell in the superior court of Cook county, * * * in the court proceedings of Mrs. Dan M. Jackson and Hon. Oscar DePriest, on the ground that his testimony was nothing more than barefaced lies and downright perjury." Plaintiff in error entered a plea of not guilty and also filed his special plea in justification.

Section 4 of article 2 of the constitution of 1870 provides: "Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that liberty; and in all trials for libel, both civil and criminal, the truth, when published with good motives and for justifiable ends, shall be a sufficient defense." Section 179 of the Criminal Code provides: "In all prosecutions for libel, the truth, when published with good motives, and for justifiable ends, shall be a sufficient defense." It is insisted here that the evidence established such defense. The burden of proving that defense rested upon plaintiff in error. (*People* v. *Fuller,* 238 Ill. 116; *People* v. *Strauch,* 247 id. 220.) A jury was waived and the case tried before the trial judge. The plea of justification stated that Thomas W. Swann, the prosecuting witness, did on or about October 16, 1914, in a certain cause pending in the superior court of Cook county, then on trial before the Hon. C. M. Foell, knowingly testify falsely to a material point in said cause, and so the accusation of the defendant is true and the said Thomas W. Swann did commit perjury, and of this the defendant is ready to verify.

While the facts are not very plainly set out in the record, we gather from what is there stated, and from the

briefs, that there was a suit in the superior court of Cook county concerning the payment of some notes, brought by Mrs. Dan M. Jackson, (who before marriage was Lucy Lindsay,) and the case was heard before Judge Foell. The plaintiff in error, in order to prove that Swann had testified falsely in that suit, produced as a witness Daniel M. Jackson, the husband of the complainant in the superior court case, and Jackson testified that Swann told him, outside of Judge Foell's court room door, just before he testified in the suit in the superior court, that he wasn't going to testify to a lie for Oscar DePriest or anybody else; that he had not seen Jackson's wife, Mrs. Lucy Lindsay Jackson, coming out of DePriest's office; that he saw some woman come out but didn't think it was Mrs. Jackson. As to this conversation Jackson is corroborated to some extent by Philip Green, who testified that he was present during the entire trial in Judge Foell's court and that he heard this statement made by Swann to Jackson outside of the court room. Swann testified on this trial that he told Jackson, during the trial before Judge Foell, outside of Judge Foell's court room, that it was true he (Swann) had seen Lucy Lindsay Jackson in DePriest's office and he would so testify, but that he would not testify that he saw her pass DePriest any notes, as that would be a lie. Swann is corroborated to some extent as to his version of his talk with Jackson by witness J. Gray Lucas. Mrs. Jackson testified on this trial that she was not in DePriest's office at or about the time in question. As we understand this record it is conceded by counsel for plaintiff in error that DePriest and another witness, Wilson, testified on the trial before Judge Foell that Mrs. Jackson was at DePriest's office at the time in question.

We find nothing in this record to prove that the testimony as to Mrs. Jackson being present in DePriest's office was material to the case on trial before Judge Foell, but conceding that this question was material to that trial, we

do not think, on the record before us, that the testimony here established the truth of the publication for which the plaintiff in error is on trial, to the effect that Swann had testified falsely on the trial before Judge Foell. Two witnesses here swore that he said something out of the court room in conflict with what he testified to on the trial before Judge Foell. Swann, himself, and one other witness, testified to a version of the conversation between Swann and Jackson, which, if the true version, would mean that Swann said nothing at all in that conversation out of harmony with what it is conceded he testified to on the trial in the superior court. While Mrs. Jackson testified on this trial that she was not in DePriest's office at the time in question, it is conceded that two other witnesses had testified on the trial before Judge Foell that she was present in DePriest's office. On such a record it is not possible to say that Swann testified falsely on the trial before Judge Foell as to Mrs. Jackson being present in DePriest's office at a certain time. Furthermore, the trial court heard and saw the witnesses who testified in this case and was in much better position to decide as to which of the witnesses telling conflicting stories here were testifying truthfully and which falsely. On this record it cannot be held that the evidence did not justify the judgment of the Appellate Court in affirming that of the municipal court.

Plaintiff in error further argues that the trial court erred in refusing to pass on the propositions of law submitted by his counsel. The trial court is not required to pass upon propositions of law submitted in a criminal case tried without a jury, before the court. *Chicago, Wilmington and Vermilion Coal Co.* v. *People,* 214 Ill. 421; *Jacobs* v. *People,* 218 id. 500.

We find no error in the record for which the judgment should be reversed, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*