(No. 12556.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY JOHNSON, Plaintiff in Error.

*Opinion filed June 18, 1919.*

1. CRIMINAL LAW—*practice of submitting propositions of law is inapplicable where criminal case is tried without a jury.* The practice of submitting propositions of law to the court is inapplicable to the trial of a criminal case before the court without a jury.

2. SAME—*exercise of police power is not unconstitutional because it restrains liberty of citizens.* The police power of a State is an attribute of sovereignty existing without any reservation in the constitution, and as it is based on the principle of the greatest good to the greatest number and is founded on the duty of the State to provide for the safety and good order of society, the mere fact that a proper law exercising such power restrains the liberty of citizens or causes an innocent person to suffer does not render it unconstitutional.

3. SAME—*exercise of police power is presumed to be valid.* It is for the legislature to determine when the conditions exist which call for the exercise of the police power, and when the legislature has acted the presumption is that the act is a valid exercise of such power.

4. SAME—*statutes punishing wrongdoing without criminal intent are valid under the police power.* The constitution does not require that *scienter* be a necessary element of a law fixing punishment for the doing of an act where the offense is *malum prohibitum,* and the fact that such law requires allegation or proof of criminal intent does not render it invalid when passed in the exercise of the police power.

5. SAME—*what is essence of offense in section 15b of Motor Vehicle act.* By section 15b of the Motor Vehicle act, providing

for fine or imprisonment of any person having a motor vehicle from which the manufacturer's number or mark has been removed or changed, the essence of the offense consists in the "purpose of concealing or destroying the identity" of the vehicle.

6. SAME—*section 15b of Motor Vehicle act does not deprive defendant of property without due process of law.* Section 15b of the Motor Vehicle act, providing for fine or imprisonment of any person having a motor vehicle from which the manufacturer's number has been removed, does not deprive the defendant of his property without due process of law nor deny him the equal protection of the laws.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding.

FYFFE, RYNER & DALE, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The plaintiff in error, Harry Johnson, was convicted in the municipal court of Chicago of a violation of section 15b of the Motor Vehicle law (Hurd's Stat. 1917, p. 2576,) and was sentenced to pay a fine of $200 and costs. He prosecutes this writ of error to reverse the judgment and sentence of the court.

The facts are not in dispute. The plaintiff in error was the general manager of the Commercial Car Unit Company, whose place of business is located in Chicago. The company was engaged in the business of attaching truck units to pleasure car units and making of them commercial trucks. On January 5, 1918, the Ford Motor Company delivered six new Ford cars to the premises of the Commercial Car Unit Company. The plaintiff in error thereupon ordered one of his workmen to change the motor numbers on these cars. There were seven figures in each of the numbers, which had been stamped on the left-hand side of

each of these motors with a steel die by the Ford Motor Company. Following directions of plaintiff in error the workman changed the motor numbers of these new Ford cars by hammering out the third and fourth figures and stamping different figures over the same spots. The first two and last three figures in the number were not touched. No explanation is made for changing the numbers.

The only question before us is the constitutionality of said section 15*b* of the Motor Vehicle law, which provides: "Any person having in his or her possession any motor bicycle or motor vehicle from which the manufacturer's serial number, or any other manufacturer's trade or distinguishing number or identification mark, has been removed, defaced, covered or destroyed for the purpose of concealing or destroying the identity of such motor bicycle or motor vehicle shall be liable to a fine of not more than two hundred dollars ($200) or imprisonment in the county jail for a period not to exceed six (6) months, or both."

It is urged that this section of the statute violates section 2 of article 2 of the constitution of this State as well as section 1 of the fourteenth amendment of the Federal constitution, in that it deprives the defendant of his liberty and property without due process of law and denies to him the equal protection of the laws. It is contended that the statute is an arbitrary and unreasonable exercise of the police power of the State.

At the close of all the evidence plaintiff in error submitted eight propositions of law, which he asked the court to hold to be the law as applicable to the case. The court marked each of the propositions "Refused." It will be unnecessary to discuss this action of the court, for the reason that we have held that the submission of propositions of law to the court is inapplicable to a criminal case where the same is tried by the court without a jury. *People* v. *Taylor,* 279 Ill. 481; *Jacobs* v. *People,* 218 id. 500; *Chicago, Wilmington and Vermilion Coal Co.* v. *People,* 214 id. 421.

Motions for a new trial and in arrest of judgment were made and overruled.

The police power of a State is an attribute of sovereignty and exists without any reservation in the constitution, being founded on the duty of the State to protect its citizens and provide for the safety and good order of society. The mere fact that a law restrains the liberty of citizens of a State does not render it unconstitutional. In *Hawthorn* v. *People,* 109 Ill. 302, we discussed at length the powers of the legislature, and an elaborate repetition of that discussion would serve no good purpose here. We have held, in a long line of decisions, where the authorities have been collected and discussed, that it is for the legislature to determine when the conditions exist calling for the exercise of police power to meet existing evils, and when the legislature has acted the presumption is that the act is a valid exercise of such power. *People* v. *Stokes,* 281 Ill. 159; *People* v. *Henning Co.* 260 id. 554; *People* v. *Ellerding,* 254 id. 579.

It is contended by plaintiff in error that one might be guilty under this act by having a car in his possession from which the numbers had been removed without his knowledge. The constitution does not require that *scienter* be a necessary element of any law where an offense is *malum prohibitum.* One may violate the law without any intent on his part to do so. (*People* v. *Nylin,* 236 Ill. 19; *People* v. *Spoor,* 235 id. 230.) Various statutes of this State punishing the doing of acts without requiring allegation or proof of criminal intent upon the part of the doer have been upheld on the ground that they were a valid exercise of the police power. (*Maguire* v. *People,* 219 Ill. 16; *American Car Co.* v. *Armentraut,* 214 id. 509; *Farmer* v. *People,* 77 id. 322; *Mapes* v. *People,* 69 id. 523; *Eells* v. *People,* 4 Scam. 498.) In other jurisdictions laws enacted by the legislatures punishing the doing of acts without intent or guilty knowledge on the part of the doer have been

held to be valid enactments. (*People* v. *Hatinger,* 174 Mich. 333; *Commonwealth* v. *Mixer,* 207 Mass. 141.) Laws can not be held invalid merely because some innocent person may possibly suffer. The principle of police regulation is, "the greatest good to the greatest number." The essence of the offense contemplated by section 15*b* of the Motor Vehicle law consists in the "purpose of concealing or destroying the identity" of the vehicle. If it could be shown that the possession of an automobile with mutilated numbers was not for the "purpose of concealing or destroying the identity" of such automobile, we apprehend that a prosecution, not to say a conviction, would be unlikely. We feel that there is no merit in the contention that the enactment of this statute was not a valid exercise of the police power of the State. *People* v. *Fernow,* 286 Ill. 627.

As to the objection to the validity of the statute, to the effect that it deprives the defendant of his liberty and property without due process of law and denies him the equal protection of the laws, it is sufficient to say that we have had occasion to discuss these constitutional limitations at length on prior occasions, and a reference to those decisions, without discussing them, will show that there is no merit in this contention. (*Burdick* v. *People,* 149 Ill. 600; *Munn* v. *People,* 69 id. 80.) We are unable to see how plaintiff in error was deprived of any "liberty or property without due process of law." The act does not deprive him of the use of the cars. He is merely prohibited from changing the numbers for the purpose of destroying the means of identification. What loss this will cause him is not revealed. The value of the act for the protection of the property rights of the citizens in general is too patent to need discussion.

We think that the act is a valid exercise of legislative power and therefore affirm the judgment of the municipal court.                      *Judgment affirmed.*