**People of the State of Illinois, Plaintiff-Appellee, v. James Archie, a Minor, Defendant-Appellant.**

Gen. No. 52,722.

First District, Third Division.

January 23, 1969.

Rehearing denied February 20, 1969.

 

Alan H. Silverman, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Sheldon M. Schapiro, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

The defendant was found guilty at an adjudicatory hearing of possession of marijuana in violation of section 22-3 of the Criminal Code. The defendant was adjudged a delinquent and was committed to the Illinois Youth Commission by a Magistrate of the Circuit Court of Cook County sitting in the Juvenile Division.

 The defendant prosecutes this appeal and contends that he was not proven guilty beyond a reasonable doubt. It should be noted that the quantum of evidence required to establish the guilt of the juvenile in a delinquency hearing is now that degree of proof to establish his guilt beyond a reasonable doubt. (In re Urbasek, 38 Ill2d 535, 232 NE2d 716.) The Supreme Court in the Urbasek decision, relying upon the spirit of the language in In re Application of Gault, 387 US 1, 87 S Ct 1428, expressly voided the current provisions of the Juvenile Court Act which incorporate the preponderance of the evidence standard for delinquency proceedings.

Mr. Otis Finney, the Assistant Principal of Dunbar High School, was the State's first witness and he testified that on June 16, 1967, he apprehended the defendant in the high school after the defendant had been pointed out by a student, Gregory Geirn, as the boy who

had been selling "reefers." The defendant was taken to a Conference Room in the school and the police were called.

Officer Joseph Mucharski was called as the State's second witness and testified as follows: On June 16, 1967 he was called to Dunbar High School and was directed to a Conference Room occupied by Mr. Finney, two teachers, and the defendant. As he was talking to Finney, he observed James Archie "take his hand out of his pocket, and hold it down straight to his leg." The officer then walked over to the left side of the defendant, and from two to six inches from the defendant's left side he discovered a hand-rolled, partially smoked cigarette containing a crushed leaf. The cigarette was seized by Officer Mucharski and the defendant was searched whereupon the police removed some "shavings of green crushed leaves" from the defendant's left pants pocket. Both the cigarette and the leaves were transferred to the police laboratory.

Miss Shirley Linduska, a chemist at the Chicago Police Department Crime Detection Lab, testified that an analysis of the hand-rolled cigarette contained Cannabis Sativa Linne, commonly known as marijuana. She further testified that she did not test the crushed green leaves which had been found in the defendant's pocket.

The defendant called as his first witness Gregory Geirn who stated that on the date in question the defendant accompanied him to Dunbar High School to get a job and, at no time, did he point out the defendant as the boy who was selling narcotics in the school.

The defendant took the stand in his own behalf and denied that he had ever been in possession of marijuana. He stated that he went to Dunbar that day to look for a job even though he was aware that Geirn "needed a pusher" to point out in order to prevent his being expelled from school. However, the defendant testified that this realization did not prevent him from going to

the high school that day to seek employment since he was not a seller in narcotics.

Even if the trier of fact disbelieved the defendant's and Gregory Geirn's testimony and completely accepted the testimony of the State's witnesses, we do not believe that it was proven beyond a reasonable doubt that the defendant was in possession of marijuana on the date in question.

█ The contents found in the defendant's pocket were never established to be marijuana or any narcotic substance. Therefore, possession in the instant case must be predicated upon the discovery of the cigarette on the floor near the defendant in the Conference Room. Possession can be established by showing that the accused either had actual or constructive possession of the contraband. (People v. Mack, 12 Ill2d 151, 145 NE2d 609.) Actual possession was not established in the instant case since no proof was offered as to the content of the leaf found in the defendant's pocket. It is the State's theory that the inference to be drawn from the proximity of the cigarette to the defendant's person supports a finding that the defendant was in possession.

This case can be distinguished from People v. Richardson, 21 Ill2d 435, 172 NE2d 801, in which the Supreme Court affirmed a conviction of possession of narcotics. In Richardson, two police officers confronted the defendant in an alley and when they told the defendant that they were police officers, one of the officers saw the defendant "make a motion which suggested to him that defendant was throwing something to the ground." A cigarette package containing heroin was found a few feet from where the defendant had been standing. In the case at bar, there is no testimony indicating that anyone saw the defendant make a motion which would indicate that he was throwing something to the floor or discarding some item. The record simply indicates that the defendant took his hand out of his pocket and placed it

down along his leg. Such a gesture is not uncommon and it cannot support an inference that something in the defendant's possession was discarded. Moreover, the record does not disclose whether the defendant held his right or left hand straight down to his side. This absence of evidence is highly significant in view of the Officer's testimony that the cigarette was discovered on the defendant's left side.

██ ██ The State has relied completely on circumstantial evidence. In People v. Dougard, 16 Ill2d 603, 607, 158 NE2d 596, the court stated:

> "While circumstantial evidence is legal evidence, yet to warrant a conviction on such evidence the facts proved must so thoroughly establish the guilt of the person accused as to exclude every reasonable hypothesis of his innocence."

██ Due to the aforementioned weaknesses in the probative value of the circumstantial evidence presented by the State, this court is of the opinion that the defendant was not proven guilty of possession of marijuana beyond a reasonable doubt, and therefore, the adjudication of his delinquency is reversed.

Reversed.

SCHWARTZ and DEMPSEY, JJ., concur.