The People of the State of Illinois, Plaintiff-Appellee, v. Nadine M. Millis, Defendant-Appellant.

Gen. No. 11,054.

Fourth District.

November 6, 1969.

Niven and Clay, of Pontiac (Alonzo William Clay, of counsel), for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac (Ronald K. Fellheimer, of counsel), for appellee.

TRAPP, P. J.

Defendant was convicted at a bench trial upon a charge of "illegal possession of liquor (seal broken)" in violation of chapter 95½, § 144.2, Ill Rev Stats 1967. Defendant appeals.

A bill of particulars specified that the motor vehicle involved was a 1963 Chevrolet, owned and being driven

by one Billy Holt; that the liquor concerned consisted of one-half pint of whiskey and two open cans of Budweiser beer; that the ownership of the liquor was unknown and that the beer was in the front seat in close proximity of the defendant and within her physical reach.

An issue presented upon appeal is whether the evidence supports a conviction of the violation charged.

At the time of her arrest, defendant was seated in the middle of the front seat of the described Chevrolet, the owner, Billy Holt, was in the driver's seat and one Paul Holt sat on defendant's right. Linda Holt and Charles Holt, husband and wife, were in the rear seat. It appears that the Holts were related by blood or marriage.

The arrest was made while the car was parked. Deputy sheriffs had received information that warrants had been issued in LaSalle County for the arrest of Linda Holt, Charles Holt, Paul Holt and Billy Holt. Such charges are not relevant to this matter. Defendant was placed under arrest for investigation. After the several parties were removed from the parked car of Billy Holt and taken to the squad car, Deputy Ferguson returned to the Holt vehicle and found the liquor. It appears that this prosecution is not concerned with the one-half pint of whiskey that apparently was in the possession of Charles Holt and his wife in the rear seat.

Relevant to this appeal is the testimony of Ferguson that he found the two open cans of beer on the front floor of the car. He testified that at the time he issued arrest tickets to Billy Holt and Paul Holt, he was of the opinion and belief that each was in possession of a can of beer. Defendant testified that there was alcoholic liquor in the car but that she did not have any in her possession; that she had refused a proffered beer; that she did not put the beer on the floor or pass it to anyone. She stated that Billy Holt drank a can of beer and started another, but that she did not see him put the cans

on the floor. She stated that the beer cans on the floor would be near her feet.

Each of the Holts pleaded guilty to separate charges, apparently in the same form and language as here.

The prosecution urges that defendant admitted knowledge of the presence of the beer in the car and that such is a basis for inferring her possession, either actual or constructive; that defendant was a party to the offense and accountable for the acts of the others who had pleaded guilty, and that the defendant may be found guilty under chapter 95½, § 236, Ill Rev Stats 1967, as one who aided or abetted commission of the offense by the others.

The testimony does not delineate facts tending to show other than that defendant was a guest in the usual sense in the car owned by Billy Holt. Chapter 95½, § 144.2, in brief, provides:

> "No person shall transport, carry, possess or have any alcoholic liquor in or upon or about any motor vehicle except in the original package and with the seal unbroken. . . ."

A penalty is provided. There is no testimony which shows that defendant did "possess" one or more of the open cans of beer. Such were not, in fact, discovered in the car until all parties had left it.

 It is stated that the fact of possession must be proven beyond a reasonable doubt. The People v. Jackson, 23 Ill2d 360, 178 NE2d 320. In that case a conviction for possession of narcotics was reversed. The opinion points out that a suspicion will not support a conviction, and that a person's knowledge of the place or location of the item alleged to be possessed is not the equivalent of possession. See also People v. Bedford, 78 Ill App2d 308, 223 NE2d 290 and People v. Robinson, 102 Ill App2d 171, 243 NE2d 594. Again, proximity to the items at issue is not sufficient to show possession. In The People v. Jefferson, 24 Ill2d 398, 182 NE2d 1, defendant was arrested

and interrogated in the apartment of another. Shortly after the defendant was directed to sit in a chair in a room, a ring found to have been stolen was discovered on a radiator near which defendant was seated. The Supreme Court found it necessary to reverse the conviction upon such evidence, stating that proximity alone fails to establish possession by one who chances to be nearby. See also People v. Archie, 105 Ill App2d 211, 245 NE2d 59.

■ To apply the doctrine of constructive possession as urged by the prosecution there must be a showing that the defendant had the immediate and exclusive control of the area where the items allegedly possessed were situated. The People v. Mack, 12 Ill2d 151, 145 NE2d 609; The People v. Pugh, 36 Ill2d 435, 223 NE2d 115; People v. Bedford, 78 Ill App2d 308, 223 NE2d 290. In People v. Robinson, 102 Ill App2d 171, 243 NE2d 594, defendant was arrested in the apartment of another, being observed in the bathroom with another man. Traces of narcotics were subsequently found in the bathroom. The court pointed out that it was necessary to reverse a conviction for possession of narcotics inasmuch as such could have belonged to any one of three persons within the apartment. See also The People v. Jackson, 23 Ill2d 360, 178 NE2d 320. Upon this issue of constructive possession the prosecution cites People v. Evans, 72 Ill App 2d 146, 218 NE2d 781. That opinion reverses the conviction in that case and affirms the rule stated here.

It is clear from the evidence in this case that the beer cans on the front floor of the car could have been the possession of any one of three persons. The only specific evidence in the record is that the beer cans were not in the possession of the defendant. The pleas of guilty by the two men in the front seat negatives the possession charged to the defendant, rather than supports her conviction.

It is here argued that chapter 95½, § 236, Ill Rev Stats 1967, provides that a person who aids or abets any violations of the Uniform Act regulating traffic is guilty of the offense. It appears, however, that there must be other circumstances in the record in addition to presence at the scene of the offenses without acts opposing the conduct of others. The People v. Nugara, 39 Ill2d 482, 236 NE2d 693 and The People v. Clark, 30 Ill2d 67, 195 NE2d 157. The only case found which refers to the cited section is The People v. Nails, 10 Ill2d 279, 139 NE 2d 744. In that case defendant was a passenger in a car driven by another. Defendant was specifically charged with aiding and abetting such driver in leaving the scene of an accident when a man was struck and injured on the highway. The additional affirmative conduct there sustaining the conviction was that the defendant actually drove the car away from the scene, and undertook acts which concealed the identity of the car and the responsible driver. This record shows no evidence of conduct other than the presence of the defendant.

It is urged that defendant is responsible for the conduct of the others present, and the prosecution cites chapter 38, § 5-1, Ill Rev Stats 1967. Such responsibility arises for the conduct of the defendant or the conduct of a person for whom he is legally accountable. Legal accountability for the acts of another is defined by § 5-2 (c) in the language:

> "Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or . . . ."

The Committee notes that such section is a comprehensive statement of liability based upon aiding and abetting and specifically points out:

> "It will be observed that liability under this subsection requires proof of an 'intent to promote or

■■■■■■■■■■■■■■■■

facilitate . . . commission' of the substantive offense."

This record is barren of any evidence of such intent, or of any facts from which such intent as is contemplated by the subsection may be inferred.

■ As the conviction cannot be sustained upon the evidence in the record, it is not necessary to consider the issues of the sufficiency of the complaint as amended, or otherwise, raised by the defendant.

The judgment is reversed.

Reversed.

SMITH and CRAVEN, JJ., concur.