THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES H. LAWRENCE, Defendant-Appellant.

(No. 58406;

First District (5th Division)—January 18, 1974.

John C. Ambrose and Philip J. Schmidt, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Mariann Twist, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from a conviction following a bench trial for leaving the scene of an accident in violation of section 11—401(a) of the Motor Vehicle Code. (Ill. Rev. Stat. 1971, ch. 95½, par. 11—401(a).) After a hearing in aggravation and mitigation the court fined him $200 and sentenced him to probation for one year. On appeal defendant contends: (1) that he was not proved guilty beyond a reasonable doubt, and (2) that section 11—401(a) violates due process of law in not requiring any sort of guilty knowledge or intent for conviction.

At trial, John Chrusciel, a fifteen year old boy, testified that at about 9:00 P.M. on June 27, 1972, he, by himself, was walking with his black racing bike across Irving Park Road going north in an unmarked crosswalk, when he was hit by a car going east. He testified that he did not see the car after he was hit and that he went to the hospital although he did not stay there overnight.

Louis Caravelli, an acquaintance of Chrusciel, testified that he was standing on the northeast corner of the intersection at 9726 Irving Park Road on the night of the occurrence, that he heard the brakes of a car and saw Chrusciel, who had started across Irving Park Road, on the ground. Chrusciel was crying and yelling. He identified the defendant in court as the driver of the late model tan Grand Prix, which hit Chrusciel. It bore license number VB 4157. He testified that after the accident:

> "The driver stopped the car and got out, looked at John, and asked if he was okay. Then he picked up the bike. Took it across the street, and went back to the car, pulled off to the side and he

came back out and stood over John, looked at him again, and he was nervous, and he got back in the car and drove up a little further down the street. He got out after he parked the car and came back, and as the squad came he took off.

\*   \*   \*

He started to walk toward his car and started to run as the squad got closer and closer. He got in and drove away."

Caravelli then flagged down the squad car and gave Detective Donald Hoogland of the Schiller Park Police the description of the vehicle and its license number. Defendant was apprehended driving the vehicle more than 1½ miles away from the scene of the accident and was placed under arrest.

Robert Schillaci testified for the State that as he was approaching the stop sign at Irving Park Road going north on Atlantic he heard the screech of a car and saw a boy go "flying rather badly." Although he was more interested in the boy than in the tan car which hit him, he never saw the driver leave his car and saw him drive off.

Defendant's motion to dismiss after the State concluded its evidence was denied and defendant presented no evidence on his behalf.

OPINION

Defendant contends that he was not proved guilty beyond a reasonable doubt of leaving the scene of an accident. Specifically he argues that the State did not prove that any injury occurred which would require him to do anything and that the facts do not indicate that he left the scene of the accident.

■■ Section 11—401(a) of the Motor Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—401(a))requires that a motorist involved in an accident resulting in injuries stop his vehicle and remain at the scene of the accident until he performs certain duties imposed upon him by section 11—403. (Ill. Rev. Stat. 1971, ch. 95½, par. 11—403.) Section 11—403 requires the motorist to:

"\*   \*   \*   give his name, address, and the registration number of the vehicle he is driving and  \*   \*   \*   upon request and if available exhibit his driver's license to the person struck  \*   \*   \*   and shall render to any person injured in such accident reasonable assistance, including the carrying or the making of arrangements for the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

If none of the persons entitled to information pursuant to this Section is in condition to receive and understand such information

and no police officer is present, such driver after rendering reasonable assistance. shall forthwith report such accident at the nearest [police station] disclosing [such] information * * *."

The Code makes no distinction regarding the degree or extent of injury necessary to require the performance of those duties and nowhere does it require that the injury resulting from the accident be serious.

The facts indicate that defendant was involved in an accident resulting in injury. Although Chrusciel may have stated he was all right, the evidence is undisputed that defendant's vehicle struck Chrusciel, that Chrusciel flew through the air rather badly, that he ended up on the ground, that he was crying and yelling, and that he was taken to the hospital. Notwithstanding the abstracted opinion of the court in *People v. Stone*, 288 Ill.App. 619, 6 N.E.2d 494, we believe the injury which occurred in this case required defendant to act in accordance with Sections 11—401(a) and 11—403.

■■ The facts further indicate that defendant did not satisfy his obligations regarding the accident. Defendant's actions following the accident were described in detail. Although defendant did not leave the scene of the accident immediately, he did not remain long. He did not tell anyone his name, address or car registration number, and he did not render Chrusciel any assistance whatever. Only the actions of Louis Caravelli in noting defendant's license number resulted in defendant's apprehension. Moreover, the evidence indicates that defendant ran to his car and fled when he saw the police approaching. In these circumstances, we believe defendant was proved guilty beyond a reasonable doubt.

■ Defendant also contends that section 11—401(a) violates due process of law in not requiring any sort of guilty knowledge or intent for conviction. Statutes creating offenses involving strict criminal liability are neither unusual nor improper and defendant has cited no case which goes so far as to hold such statutes unconstitutional. However, we need not reach the merits of this contention since the record does not indicate that defendant raised this argument at trial. We will not consider arguments raised for the first time on appeal. *People v. Orr*, 10 Ill.2d 95, 97, 139 N.E.2d 212, 213.

In these cicumstances, defendant's conviction must be affirmed.

Affirmed.

SULLIVAN, P. J., and DRUCKER, J., concur.