THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRYLYNNE JENNINGS, Defendant-Appellant.

Fourth District   No. 13992

Opinion filed April 7, 1977.

MILLS, J., specially concurring.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry and James G. Condon, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

A jury found defendant guilty of illegal transportation of alcoholic liquor (Ill. Rev. Stat. 1975, ch. 95½, par. 11—502). Defendant was found not guilty of driving while under the influence of alcoholic liquor. After her trial, defendant was sentenced to 1 year conditional discharge.

Defendant drove her car one night into another car parked on the side of the road. Defendant got out of her car to seek help. Witnesses said that defendant appeared to be disoriented, and one witness smelled alcohol on her breath. After the accident had been reported, two police officers

and a third witness noticed a bottle of whiskey on the floor of defendant's car, down by the accelerator; the seal was broken and a portion of the liquor was gone. There were no passengers in defendant's car.

On appeal it is argued that the trial court erred in refusing defendant's instruction which included knowledge as an element of the offense of illegal transportation of alcoholic liquor. Section 11—502 of the Motor Vehicle Code is a petty offense; no mental state is mentioned in the statute as an element of the crime.

However, this court recently held in *People v. Hutchison* (1977), 46 Ill. App. 3d 725, 361 N.E.2d 328, that it is reversible error for the trial court to refuse to give an instruction requiring the jury to find knowledge as an element of the crime of illegal transportation of liquor. That case rested upon the fact that a paper bag containing a half-empty bottle of whiskey was found in defendant's car. The bottle belonged to defendant's passenger and defendant had no knowledge that the bottle was in the car. The court felt that to hold a person guilty under such circumstances, would be contrary to the basic tenets of our criminal law:

> "To establish absolute liability for such transgressions would be tantamount to punishing a defendant for the sins of his neighbor— sins that he had no knowledge of nor reason to have knowledge of." *People v. Hutchison* (1977), 46 Ill. App. 3d 725, 361 N.E.2d 328.

■■■ No such problem arises in the instant case. Defendant Jennings was riding alone and the whiskey bottle was found in plain view on the floor of her car next to the accelerator. No issue of fact as to defendant's knowledge of the presence of the open whiskey bottle was raised in her testimony, or otherwise. Defendant's knowledge of such may be inferred from the facts in evidence. (*People v. Zazzetti* (1972), 6 Ill. App. 3d 858, 286 N.E.2d 745; *People v. Cannon* (1974), 18 Ill. App. 3d 781, 310 N.E.2d 673.) The jury would have found that the defendant possessed the open liquor bottle in the passenger area of the car. (*Cf. People v. Millis* (1969), 116 Ill. App. 2d 283, 252 N.E.2d 395.) Therefore, the error was harmless beyond a reasonable doubt. See *People v. Chupich* (1973), 53 Ill. 2d 572, 295 N.E.2d 1; *People v. Litterio* (1975), 32 Ill. App. 3d 255, 336 N.E.2d 190.

Next, defendant contends that the trial court did not have the authority to sentence defendant to a term of conditional discharge for a crime which is only a petty offense. Defendant asks that her sentence be vacated because section 5—1—17 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—1—17) defines a petty offense as being punishable by fine only.

■■■ Section 5—1—17 of the Uniform Code of Corrections is subject to section 5—1—1 which states that for purposes of chapter 38, the words

and phrases defined have a designated meaning except when a particular context clearly requires a different meaning. The Code explicitly provides in its disposition section that conditional discharge is an appropriate sentence for a petty offense, and it provides for a maximum period of 1 year conditional discharge for a petty offense (pars. 1005—5—3 and 1005—6—2). Conditional discharge as a penalty does no violence to the concept of a petty offense as being one not punishable by imprisonment. Clearly the legislature intended to make conditional discharge a possible punishment for a petty offense. Defendant's conviction is affirmed.

Affirm.

REARDON, P. J., concurs.

Mr. JUSTICE MILLS, specially concurring:
The majority is, of course, correct in the result reached and I concur. However, I conclude that—inferred or not, and moot though it be here—the element of "knowledge" is not required in this petty offense under the Illinois Motor Vehicle Code and I adhere to the reasons enumerated in my dissenting opinion in *People v. Hutchison* (1977), 46 Ill. App. 3d 725, 361 N.E.2d 328.