(651 P.2d 973)
No. 54,232

STATE OF KANSAS, *Appellee,* v. CHARLES D. ERBACHER, *Appellant.*

Opinion filed October 7, 1982.

*Edward E. Bouker,* of Martin & Coffelt, of Hays, for the appellant.

*Robert E. Diehl,* assistant county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., ABBOTT and PARKS, JJ.

PARKS, J.: Defendant Charles Erbacher appeals his bench trial conviction of transporting an open container of cereal malt beverage in violation of K.S.A. 41-2719. The parties filed an agreed statement pursuant to Rule 3.05; thus the facts are undisputed.

On November 22, 1981, defendant was a passenger in an automobile operated by a friend. Trooper Schrag of the Kansas Highway Patrol, who was running a driver's license check lane, stopped the vehicle. While he was returning the operator's license, the Trooper spotted what he believed to be containers of beer on the front floor of the car. When he opened the door on the passenger side where defendant was seated, he found an open container of 3.2 beer under the defendant's legs on the floor of the car.

The sole issue on appeal is whether K.S.A. 41-2719 authorizes the prosecution of a passenger for transportation of an open container of cereal malt beverage in a vehicle.

K.S.A. 41-2719 provides that no person shall transport in any vehicle upon a highway or street any cereal malt beverage unless such beverage is (1) in the original unopened container, the seal of which has not been opened; (2) in the locked rear trunk or any locked outside compartment which is not accessible to any person in the vehicle while it is in motion; or (3) in the exclusive possession of a passenger in a vehicle which is a recreational vehicle (K.S.A. 1980 Supp. 75-1212) or a bus (K.S.A. 8-1406) who is not in the driving compartment or portion of the vehicle which is accessible to the driver. The statute is patterned after K.S.A.

41-804 which prohibits the transportation of an open container of alcoholic liquor.

This statute is penal in nature and must be strictly construed. This simply means that ordinary words are to be given their ordinary meaning; it does not permit or justify a disregard of manifest legislative intention appearing from plain and unambiguous language. *State v. Howard,* 221 Kan. 51, 54, 557 P.2d 1280 (1976).

The legislative aim of this statute is clearly demonstrated by the scope of the exclusions from its coverage. K.S.A. 41-2719 is intended to indirectly prevent the intoxication of motor vehicle drivers by prohibiting the presence of open containers of beer within the reach of a driver. Thus, so long as the beer is unopened or in a place in the vehicle which is inaccessible to the driver, it may be transported or consumed. However, although the legislative goal of the statute is readily apparent, it is the breadth of the prohibition and specifically whether someone other than the driver may be found guilty under its provisions which is at issue here.

The statute's initial prohibition is that "[n]o person shall transport in any vehicle" an open container of cereal malt beverage. Clearly, the phrase "no person" is broad enough to include passengers as well as the driver of the vehicle. *Cf. Freach v. Commonwealth,* 471 Pa. 558, 568, 370 A.2d 1163 (1977). Moreover, had the legislature intended the statute to only apply to drivers, this intention could have been clearly expressed by simply prohibiting drivers instead of persons from transporting an open container.

Defendant contends, however, that the use of the term "transport" confines the prohibition to driver conduct because only the person in control of the vehicle may be said to be transporting the open container. This was the view adopted by the attorney general opinion on this subject where it was stated as follows:

"We believe that the term 'transport' is not a technical term, but rather is one which is in common usage and, accordingly, should be given its natural and ordinary meaning in the English language. The definition of 'transport' in *The American College Dictionary,* (1960) is, 'to carry or convey from one place to another.' When the foregoing definition is considered in conjunction with the language 'in any vehicle,' it is our conclusion that only the driver of the vehicle may be charged with transporting an open container. It is the driver who causes the vehicle to be in motion, thereby carrying or conveying the contents thereof from one place to another." Att'y Gen. Op. No. 82-73.

We agree that "transport" must be given its ordinary meaning but we are unconvinced that its meaning only embraces the conduct of the driver. A pedestrian who holds a can of beer while walking home is certainly transporting that beer from one place to another. He does not surrender control over that act of transporting something on his person simply because he is picked up along the way by a friend in a car. We conclude that to confine the meaning of "transport" to the actions of a driver of a vehicle would, in the context of this statute, betray the ordinary meaning of the word as a synonym for "carry" or "convey."

Defendant also argues that as a passenger, he should not have been convicted under this statute because the sanctions for violating its provisions are all related to the driving privilege. While it is true that K.S.A. 41-2719(b) and (f) mandate suspension or restriction of the defendant's driver's license or privilege to operate a motor vehicle, the statute also states that this sanction shall be "in addition to any other disposition ordered pursuant to law." K.S.A. 41-2719(b).

K.S.A. 41-2711 is a general provision which classifies violations of the 1937 act pertaining to cereal malt beverages as a misdemeanor punishable by a fine or imprisonment or both. K.S.A. 41-2719 was not enacted until 1981 and would not be included within the recited scope of section 41-2711 were it not for subsection (e) of the more recent statute. K.S.A. 41-2719(e) provides that the statute shall be part of and supplemental to article 27 of chapter 41 of the Kansas Statutes Annotated. This subsection, coupled with the authorization of "any disposition ordered pursuant to law," must have been intended to engraft the general misdemeanor penalties prescribed by K.S.A. 41-2711 on to the sanctions specifically set out in K.S.A. 41-2719. Thus, defendant's argument that there would be no actual penalty which could be imposed against a person found guilty of violating the open container statute if that person did not have a driver's license is incorrect. The court is authorized to fine or imprison anyone found guilty of violating the statute by virtue of K.S.A. 41-2711. In fact, a fine of $25 and costs of $10 were imposed against this defendant and he makes no contention on appeal that the fine is not authorized by law. In addition, the sanctions against the driving privilege are not limited to persons

who already have a license since the court may either suspend the person's license or suspend their privilege to obtain a license.

In sum, we cannot ignore the plain implication of the phrase "No person shall . . ." and hold that the legislature meant no driver shall. When this court is faced with the construction of a statute, its function is to interpret the statute and not to rewrite legislation. *Dougan, Administratrix v. McGrew,* 187 Kan. 410, 415, 357 P.2d 319 (1960).

Since there is no issue in this case concerning the defendant's knowledge or possession of the open container of beer, we hold that he was properly convicted under K.S.A. 41-2719.

Affirmed.