(786 P.2d 1152)

No. 63,628

STATE OF KANSAS, *Appellee*, v. DONNA M. BISHOP, *Appellant*.

—

Opinion filed February 16, 1990.

W. *Thomas Stratton, Jr.*, of Sloan, Listrom, Eisenbarth, Sloan & Glassman, of Topeka, for appellant.

*Stephen M. Howe*, assistant district attorney, *Gene M. Olander*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRISCOE, P.J., BRAZIL and LARSON, JJ.

LARSON, J.: Donna Bishop appeals her conviction of one count of transporting alcoholic liquor in an open container. K.S.A. 41-804.

On October 28, 1988, Kansas Alcohol and Beverage Control officer Virgil Weigel, while watching the Rustin Retail Liquor Store at 17th and Washburn in Topeka, Kansas, observed a vehicle containing a male driver and four female passengers drive up in front of the liquor store. Bishop was later identified as the passenger in the left rear seat.

The driver went into the liquor store and emerged with a package which Agent Weigel observed being passed from the front seat to the back seat. He could not tell who was passing or receiving the package.

Agent Weigel followed and stopped the vehicle. A backup agent observed liquor bottles in the vehicle. Two open bottles and two cups of liquid were seized. Weigel could not identify in which part of the car the containers were found, but he testified he thought the bottle being passed from front to back was one of the open containers.

Bishop testified she did not have possession of any alcoholic liquor in the car that night, nor did she know that open containers were being transported. An unopened pint of alcoholic liquor was purchased by the driver and passed to the passenger sitting next to Bishop in the rear seat. All parties testified this bottle remained unopened.

The passenger sitting in the middle of the back seat testified the unopened pint purchased by the driver was placed in her purse and not found by the agents. She was not aware there were open containers in the vehicle and did not smell alcohol.

One of the other female passengers testified that three of the containers that were seized were in the front seat and she did not know where the other container was located.

The trial court stated that under the circumstances Bishop should have been aware that alcoholic liquor in an open container was being transported. The court concluded proof of Bishop's constructive possession of the open containers was sufficient to support a guilty finding. Bishop appeals.

*The trial court erred in applying the doctrine of constructive possession to find Bishop guilty of transporting alcoholic liquor in an open container.*

Bishop contends the State is required to show actual possession of an open container to support the conviction.

"In a criminal action, when the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The appellate court considers only the evidence in favor of the verdict to determine whether the essential elements of a charge are sustained. [Citations omitted.]" *State v. Walker,* 244 Kan. 275, 280, 768 P.2d 290 (1989).

K.S.A. 41-804 in applicable part provides:

"(a) No person shall transport in any vehicle upon a highway or street any alcoholic liquor unless such liquor is:

"(1) In the original unopened package or container, the seal of which has not been broken and from which the original cap, cork or other means of closure has not been removed;

"(2) in the locked rear trunk or rear compartment, or any locked outside compartment which is not accessible to any person in the vehicle while it is in motion; or

"(3) in the exclusive possession of a passenger in a vehicle which is a recreational vehicle, as defined by K.S.A. 75-1212, or a bus, as defined by K.S.A. 8-1406, who is not in the driving compartment of such vehicle or who is in a portion of such vehicle from which the driver is not directly accessible.

"(b) Violation of this section is a misdemeanor punishable by a fine of not more than $200 or by imprisonment for not more than six months, or both."

Although this case was tried to the court without a jury, the following elements enumerated in PIK Crim. 2d 70.03, Transporting Liquor in an Opened Container, must be proved:

"1. That the defendant transported a container of alcoholic liquor in a vehicle upon a highway or street;

"2. That the container had been opened;

"3. That the container was not in a locked outside compartment (or rear compartment) which was inaccessible to the defendant or any passenger while the vehicle was in motion;

"4. That the defendant knew or had reasonable cause to know he was transporting an opened container of alcoholic liquor."

At issue in this case is whether the State proved that Bishop knew or had reasonable cause to know that she was transporting alcoholic liquor in an open container.

The requirement that a party convicted of transporting an open container of alcoholic liquor must know or have reasonable cause to know that open containers of alcoholic liquor were present and being transported results from the Kansas Supreme Court decision in *City of Hutchinson v. Weems*, 173 Kan. 452, 249 P.2d 633 (1952), which involved an early construction of 41-804.

Weems was found not guilty of transporting an open container of alcoholic liquor based upon his defense of no knowledge of the presence of an open container while driving a car normally utilized by his father and other persons. Our Supreme Court pointed out that in G.S. 1949, 41-715, the legislature saw fit to

226

make lack of knowledge of a violation unavailable as a defense in providing: "No person shall knowingly *or unknowingly* sell, give away, . . . any alcoholic liquor to . . . any minor." (Emphasis added.) There the elements of intent and knowledge on the part of the wrongdoer were removed entirely from the offense and our Supreme Court reasoned that if the legislature had seen fit to incorporate a similar provision in the transportation section it could have done so, or, if dissatisfied with the court's construction of 41-804, could still do so. 173 Kan. at 459. K.S.A. 41-804 was amended in 1981, but no change in the prior law or the holding in *City of Hutchinson v. Weems* was made.

Although *State v. Erbacher*, 8 Kan. App. 2d 169, 651 P.2d 973 (1982), involved transportation of an open container of a cereal malt beverage in violation of K.S.A. 41-2719, that section's wording is substantially identical to K.S.A. 41-804. The wording was first interpreted in *Erbacher* to apply to passengers as well as drivers. In construing the term "transport" our court held it to be a synonym for " 'carry' or 'convey' " 8 Kan. App. 2d at 171. The open container of 3.2 beer was located between Erbacher's legs on the floor of the car and he was deemed properly convicted because there was no issue concerning his knowledge or possession of the open container of beer. 8 Kan. App. 2d at 172.

Kansas has not previously extended the doctrine of constructive possession to cases involving transportation of open containers. The doctrine has been applied in drug prosecutions and was described in *State v. Woods,* 214 Kan. 739, 744, 522 P.2d 967 (1974), *overruled on other grounds Wilbanks v. State,* 224 Kan. 66, 579 P.2d 132 (1978), as follows:

"Under a charge of simple possession of marijuana it is not necessary to prove ownership of the prohibited drug in the sense of title, but the prosecution is required to show some measure of control over some amount of the drug. Such control may be immediate and exclusive, jointly held with another or it may be constructive possession where the drug is kept by the accused in a place to which he has some measure of access and right of possession and control."

In light of the illustrations contained in *Weems*, where unknowing and unintended transportation of open containers was not deemed to have been intended by the legislature to be a violation of the law, and the lack of any change in the law for

almost 40 years, we decline to apply the doctrine of constructive possession to unknowing passengers who are accused of transporting an open container of alcoholic liquor.

Although the policy of the statute as stated in *Weems* of lessening the opportunities to drink while driving still prevails, under the facts of this case, the only evidence supporting Bishop's guilty finding was her being in a car where other parties had open containers and a conviction based on this does not further the stated purpose of the statute.

In an Illinois case involving the doctrine of constructive possession as it applies to transporting alcohol, the court stated that proximity to the alcohol is not sufficient to establish possession. *People v. Mills*, 116 Ill. App. 2d 283, 252 N.E.2d 395 (1969). "To apply the doctrine of constructive possession as urged by the prosecution there must be a showing that the defendant had the immediate and exclusive control of the area where the items allegedly possessed were situated." 116 Ill. App. 2d at 287. The Illinois statute is similar to K.S.A. 41-804 in that it forbids transporting, carrying, or having alcoholic liquor in any motor vehicle except in the original unopened package. *Mills* involved a defendant seated in the middle of the front seat between two other people with two open beer cans on the floor. The cans could have been in the possession of any one of the three individuals, although pleas of guilty by two men in the front seat did negate the possession charge against Mills. The appellate court held there was insufficient evidence to sustain her conviction. Parties other than Bishop appear to have been charged, but the record does not disclose who was charged or the results of such prosecutions.

In this case the only evidence of the location of the alcohol is from a passenger other than Bishop who testified that three of the containers were in the front seat. The ABC agent could not identify the location of any of the alcohol and was clearly in error in assuming an open bottle was passed to the rear seat of the car. There is no evidence establishing possession of any open container by Bishop. In fact, all of the evidence is to the contrary.

As a result of our conclusion that the doctrine of constructive possession is inapplicable to this charge we must direct the vacation of Bishop's conviction.

Reversed and remanded with instructions to vacate Bishop's conviction.