THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DONALD M. OSWALD *et al.*, Defendants-Appellees.

Second District    Nos. 81-557, 81-560 cons.

Opinion filed May 20, 1982.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and Phyllis J. Perko and Nancie J. Hudell, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, Assistant Public Defender, of counsel), for appellees.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

In consolidated cases, the State seeks to appeal from orders granting supervision to Donald M. Oswald upon his plea of guilty to battery (No. 81-557), to Timothy E. Barry upon his plea of guilty to criminal trespass to land (No. 81-560), and terminating supervision instanter in each case. Defendant Barry was also fined $25. The State contends that an order granting supervision and terminating it instanter is in effect a dismissal, permitting appeal under Supreme Court Rule 604(a)(1) (73 Ill. 2d R. 604(a)(1)); and on the merits argues that the dispositions are unauthorized by law.

Defendants first argue that the State cannot appeal because the termination of court supervision is an acquittal from which an appeal is barred by the Illinois Constitution; that an appeal would subject the defendants to double jeopardy; that the imposition of supervision is a sentence from which the State may not appeal under Supreme Court Rule 604(a)(1); and, that the State has waived its right to appeal.

■■ Initially we reject defendants' argument that the orders were acquittals. Under the Illinois Constitution there can be no appeal from a judgment of acquittal after a trial on the merits. (Ill. Const. 1970, art. VI, sec. 6.) However, an acquittal occurs only when " 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's

favor], correct or not, of some or all of the factual elements of the offense charged.' " *People v. Wallerstedt* (1979), 77 Ill. App. 3d 677, 680.

The orders dismissing the charges against the defendants were not "judgments of acquittal." The trial judge in fact found both defendants guilty as charged and as admitted by the guilty pleas. None of the factual elements of the offenses charged were resolved in the defendants' favor. They were discharged on grounds unrelated to their guilt and despite the evidence of their guilt. Such a dismissal of the charges is not a judgment of acquittal. *People v. Jones* (1979), 75 Ill. App. 3d 945, 947-48; see also *United States ex rel. Rock v. Pinkey* (N.D. Ill. 1977), 430 F. Supp. 176, 181-82, *aff'd without op.* (7th Cir. 1978), 582 F.2d 1282.

Our opinion in *People v. Tarkowski* (1981), 100 Ill. App. 3d 153, on which defendants rely, does not indicate a different result. In *Tarkowski*, the defendant sought to appeal an order of court supervision and an order terminating the supervision after he had paid fines arising from his arrest for toll evasion, resisting a peace officer, and failing to surrender his driver's license. We held that the defendant could not appeal as the order terminating supervision was without adjudication of guilt, and thus a ruling in defendant's favor (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1(f)); therefore, the appeal was moot as to the defendant. (100 Ill. App. 3d 153, 161.) The defendants' reliance upon the dictum in *Tarkowski* that the discharge of the defendant from supervision is "akin to a judgment of acquittal * * *" (100 Ill. App. 3d 153, 161) is misplaced. The similarity lies in the fact that an appeal by a defendant who is acquitted would also be moot. *Tarkowski* does not hold that an order dismissing charges against a defendant is a judgment of acquittal for purposes of appeal, and for the reasons given above, we will not so hold here. The appeals here are not moot as to the State and are not barred by article VI, section 6 of our constitution.

■■ We also conclude that the State's appeal does not violate the double jeopardy clauses of the United States and Illinois Constitutions. (U.S. Const., amend. V; Ill. Const. 1970, art. I, sec. 10.) The United States Supreme Court has held that an appeal by the government from a dismissal of an indictment (there, on grounds of prejudicial delay) following a jury verdict of guilty is not barred on double jeopardy grounds. (*United States v. Wilson* (1975), 420 U.S. 332, 43 L. Ed. 2d 232, 95 S. Ct. 1013.) In *Wilson*, the Supreme Court noted that "the constitutional protection against Government appeals attaches only where there is a danger of subjecting the defendant to a second trial for the same offense * * *" (420 U.S. 332, 336, 43 L. Ed. 2d 232, 237, 95 S. Ct. 1013, 1018), and that correcting the ruling of law discharging the defendant after the entry of a guilty verdict is permissible, because

> "[a]lthough review of any ruling of law discharging a defendant obviously enhances the likelihood of conviction and subjects him to

continuing expense and anxiety, a defendant has no legitimate claim to benefit from an error of law when that error could be corrected without subjecting him to a second trial before a second trier of fact." (420 U.S. 332, 345, 43 L. Ed. 2d 232, 242-43, 95 S. Ct. 1013, 1023.)

The court noted that in a case of a post-verdict ruling of law by a trial judge a correction of error at that stage "would not grant the prosecutor a new trial or subject the defendant to the harassment traditionally associated with multiple prosecutions." 420 U.S. 332, 352, 43 L. Ed. 2d 232, 247, 95 S. Ct. 1013, 1026.

■■ It is therefore settled that the prosecutor's appeal of a post-verdict dismissal of an indictment after a guilty verdict is not barred by double jeopardy, as the restoration of the guilty verdict, not a new trial, would necessarily result if the prosecution prevails. (*United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 570, 51 L. Ed. 2d 642, 650, 97 S. Ct. 1349, 1354; see also *United States v. DiFrancesco* (1980), 449 U.S. 117, 130-31, 66 L. Ed. 2d 328, 341-42, 101 S. Ct. 426, 434.) The *Wilson* rule applies whether the finding of guilty is made by a jury or by a judge. *United States v. Morrison* (1976), 429 U.S. 1, 3, 50 L. Ed. 2d 1, 4, 97 S. Ct. 24, 26.

In this case, holding for the State on the merits would not force a retrial but would simply result in reinstatement of the guilty verdicts and further proceedings thereon.

Defendants' argument that allowing a remand for further proceedings would violate the double jeopardy clause's prohibition against multiple punishments is also not persuasive. Even if we assume that the dispositions at issue were somehow convictions and sentences, so that defendants have "been once convicted and punished" (*United States v. Wilson*, 420 U.S. 332, 343, 43 L. Ed. 2d 232, 241, 95 S. Ct. 1013, 1021), double jeopardy does not bar an appeal for "resentencing" to correct an illegal sentence. *Stuckey v. Stynchcombe* (5th Cir. 1980), 614 F.2d 75, 76; see also *Bozza v. United States* (1947), 330 U.S. 160, 167, 91 L. Ed. 818, 822, 67 S. Ct. 645, 649.

■■ Defendants next argue that the State lacks statutory authority to appeal the orders. The State maintains that it is authorized to appeal by Supreme Court Rule 604(a)(1) (73 Ill. 2d R. 604(a)(1)), which allows an appeal by the State "from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure * * *." The State argues that the orders at issue were in substance dismissals and therefore fall within the rule. We agree.

Under Rule 604(a)(1), the State may appeal any judgment the substantive effect of which is the dismissal of the indictment, information, or complaint. (*People v. Lawson* (1977), 67 Ill. 2d 449, 455-56; *People v. Love* (1968), 39 Ill. 2d 436, 439-40.) The orders here plainly had the effect

of dismissing the charges, purportedly under the authority of the Unified Code of Corrections' supervision provisions (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1(e)), and the trial judge explicitly stated that the cases were dismissed.

Defendants nonetheless argue that the State may not appeal because it lacks authority to appeal the imposition of a sentence. (See *People v. Kent* (1976), 40 Ill. App. 3d 256.) Insofar as the imposition of a sentence is not an order dismissing the charges, this is correct; the orders at issue here were, however, in substance dismissals, and this is sufficient to make them appealable. The cases cited by defendants involve appeals after judgments of conviction, which could not be said to amount in substance to dismissals of the charges. In any case, we find no support for defendants' implied assertion that the dispositions at issue were sentences. A sentence presupposes a convicted defendant (Ill. Rev. Stat. 1979, ch. 38, par. 1005—1—19), and no judgments of conviction were entered against the defendants; rather, the charges were dismissed, and the supervision statute on which the trial judge relied provides that such dismissal is without adjudication of guilt (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1(f)). Whether or not they might be labeled "sentences," the orders at issue were in substance dismissals and thus appealable.

We therefore conclude that the State's appeal is authorized by Supreme Court Rule 604(a)(1) and not prohibited by anything in either the United States or the Illinois Constitutions.

The defendants next argue that the State has waived its right to contest the propriety of the dispositions by failing to argue the matter in the trial court. The State concedes a lack of objection and asks this court to review the trial court's orders under the plain error rule. 73 Ill. 2d R. 615(a).

The waiver rule applies to the State as well as to the defendant. (*People v. McAdrian* (1972), 52 Ill. 2d 250, 254.) The State has also successfully invoked the plain error rule when an error has been committed which affects the substantial right of the People. (*People v. Smith* (1976), 42 Ill. App. 3d 731, 733; *People v. Joyner,* (1978), 57 Ill. App. 3d 948, 952-53.) It is of course true that review under the plain error doctrine is not a matter of right, but is at the discretion of the appellate court. (*People v. Smith* (1976), 42 Ill. App. 3d 731, 733.) However, the nature of the issues here favors invocation of plain error. The basic issue is truly one of law concerning the construction of the supervision statute. The alleged error did not arise until the entry of judgment dismissing the charges, and the trial judge evidently had determined that the statute authorized the orders in question; the failure to obtain the trial court's views on the proper interpretation of the statute makes little or no difference for purposes of deciding this appeal.

We therefore reach the question whether the order of supervision, together with the order terminating supervision instanter, is an action authorized by law. The defendants contend that the trial court order of supervision could be terminated instanter under section 5—6—3.1(b) of the Unified Code of Corrections, which provides:

"(b) The period of supervision shall be reasonable under all of the circumstances of the case, but may not be longer than 2 years." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1(b).)

Defendants reason that because the legislature has fixed a two-year maximum period in which a defendant can be placed on supervision, while leaving the minimum period of time open, the trial court is free to use its discretion to "sentence" a defendant to supervision terminated instanter.

■■■ Although the legislature has not seen fit to set a minimum period of supervision, the phrase "the period of supervision shall be reasonable," must be given its ordinary meaning. (*People v. Blair* (1972), 52 Ill. 2d 371, 373.) The fact that the trial court is given broad discretion in determining the period of supervision suggests that the discretion is to be exercised in some determinate period of time. The obvious purpose of having a period of supervision is to permit a meaningful opportunity to observe the conduct of the offender over some reasonable period of time. By terminating the supervision instanter the trial court has frustrated the legislative intent and has denied the State and the court opportunity to insure to the public that the defendants' conduct did not warrant criminal records. The termination of supervision instanter has the mark of subterfuge, a way to avoid the statute without exercising discretion. We conclude that such a disposition is not authorized by statute.

We therefore reverse the judgments and remand the cases to the trial court with instructions to vacate the orders terminating supervision instanter and to enter orders in the proper exercise of discretion under section 5—6—3.1(b) of the Unified Code of Corrections.

Reversed and remanded with directions.

HOPF and VAN DEUSEN, JJ., concur.