JUSTICE REINHARD
 

 delivered the opinion of the court:
 

 The defendant, James Scognamiglio, was charged with speeding (Ill. Rev. Stat. 1981, ch. 95 Va, par. 11 — 601), and subsequently entered a plea of guilty to that offense. The trial court placed defendant on supervision, which it terminated instanter, and ordered him to pay a fíne of $13 and $32 costs.
 

 The State appeals (for the right of the State to appeal, see People v. Oswald (1982), 106 Ill. App. 3d 645, 435 N.E.2d 1369) from that portion of the order terminating supervision instanter and contends (1) that the imposition and termination of supervision instanter did not provide the statutorily required reasonable period of supervision, and (2) that supervision is not a statutorily authorized disposition for the Illinois Vehicle Code violation of speeding, a petty offense.
 

 We address first the State’s contention that supervision is not an available disposition for a petty offense such as speeding because a petty offense is defined in section 5 — 1—17 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005 — 1—17) as “any offense for which a sentence to a fine only is provided.” It cites People v. Jennings (1977), 47 Ill. App. 3d 226, 361 N.E.2d 1160, wherein the appellate court rejected that defendant’s argument that the “fine only” limitation of section 5 — 1—17 prevented imposition of a term of conditional discharge, and held that despite the language of section 5 — 1—17, other provisions of the Unified Code of Corrections (Ill.
 

 Rev. Stat. 1975, ch. 38, pars. 1005 — 5—3, 1005 — 6—2) specifically provide for a sentence of conditional discharge for a petty offense. The State maintains that applying the rationale of Jennings, where, as here, the supervision provision of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 1005 — 6—1) does not explicitly provide for its applicability to petty offenses, supervision is not an available disposition. We disagree for the reasons that follow.
 

 The Illinois Vehicle Code provides for general speed restrictions. (Ill. Rev. Stat. 1981, ch. 95 Va, par. 11 — 601.) It also imposes a penalty for violations of any provision of the Code for which no other specific penalty is provided under the Code. (Ill. Rev. Stat. 1981, ch. 95½, par. 16 — 104.) This is the case for speeding violations. Section 16 — 104 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 16— 104) further provides that every person convicted of such a violation for which another penalty is not provided shall for a first or second conviction thereof be guilty of a petty offense. The Illinois Vehicle Code provides in section 1 — 300 (Ill. Rev. Stat. 1981, ch. 95½, par. 1 — 300) that certain words and phrases when used in the Code, specifically “petty offense,” shall have the meanings ascribed to them in Article V of the Uniform Code of Corrections.
 

 A petty offense is defined in section 5 — 1—17 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005 — 1—17) as “any offense for which a sentence to a fine only is provided.” It is thus evident that the sentencing provisions for convictions of general speed restrictions of the Illinois Vehicle Code are dependent on the pertinent provisions of the Unified Code of Corrections. Section 5 — 5—3(c)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005 — 5—3(c)(3)) provides that an offender convicted of a petty offense may be sentenced to a period of conditional discharge, a fine, and to make restitution to the victim. While supervision is not specifically authorized under section 5 — 5—3(c)(3), the general statutory provision for supervision under the Unified Code of Corrections is contained in section 5 — 6—1 of the Code. We note that prior to 1976, judges lacked authority to place defendants on supervision (see People v. Breen (1976), 62 Ill. 2d 323, 342 N.E.2d 31), but in 1976 section 5— 6 — 1 was amended by Public Act 79 — 1334 to provide for supervision. (See People v. Boykin (1983), 94 Ill. 2d 138, 445 N.E.2d 1174.) Specifically, the court now may enter an order for supervision if the defendant is not charged with a felony (Ill. Rev. Stat. 1981, ch. 38, par. 1005 — 6—1(c)) and the court is of the opinion that the offender is not likely to commit further crimes, that the defendant and the public would be best served if the defendant were not to receive a criminal record, and that “in the best interests of justice an order of supervision is more appropriate than a sentence otherwise permitted under this Code.” (Emphasis added.) Ill. Rev. Stat. 1981, ch. 38, pars. 1005 — 6—1(c)(1), (2), (3).
 

 We believe this explicit language in section 5 — 6—1 clearly authorizes supervision for a petty offense under which classification a speeding violation under the Illinois Vehicle Code falls. Where the language of a statute is clear, it will be given effect without resorting to other aids for construction. (People v. Robinson (1982), 89 Ill. 2d 469, 475-76, 433 N.E.2d 674.) Nonetheless, to discover the legislative intent, it is proper to consider the history and course of the legislation (People v. Beam (1979), 74 Ill. 2d 240, 243, 384 N.E.2d 1315), and the debate on this legislation supports the view that supervision under this new legislation was intended as an available disposition for violations of the Illinois Vehicle Code. See 79th Illinois General Assembly, Transcript of Senate Proceedings, Third Reading of Senate Bill 1997, June 23,1976, at 4, 7.
 

 Recent amendments to the supervision provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, pars. 1005— 6 — 1, 1005 — 6—3.1, as amended by Pub. Act 83 — 207, eff. January 1, 1984) will make supervision inapplicable to defendants charged with violating section 11 — 501 of the Illinois Vehicle Code or a similar ordinance provision if previously convicted or assigned supervision for such offense within a five-year period. Since statutory amendments are to be construed together with the original legislation as constituting one law and as part of a coherent system of legislation (see Follett’s Illinois Book & Supply Store, Inc. v. Isaacs (1963), 27 Ill. 2d 600, 605-06, 190 N.E.2d 324), by making a special exception to supervision eligibility for one offense contained in the Illinois Vehicle Code, the legislature further demonstrated that supervision is otherwise an available disposition for other offenses contained in the Illinois Vehicle Code.
 

 Commentators who have examined the supervision provisions of the Unified Code of Corrections also have concluded that supervision is available as a disposition for traffic violations arising under the Illinois Vehicle Code. See Brady, Major Traffic Charges such as DWI: The Double Standard Forged under Distinctions between State and Ordinance Cases, 70 Ill. B.J. 292 (1982); Sullivan, Supervision Comes to All of Illinois, 65 Ill. B.J. 190 (1976).
 

 Accordingly, we conclude that the defendant, who was convicted of a general speed restriction provision of the Illinois Vehicle Code, is eligible for the disposition of supervision under section 5 — 6—1(c) of the Unified Code of Corrections.
 

 Next, we reach the question whether the order imposing and terminating supervision instanter was authorized by statute. Section 5— 6 — 3.1(b) of the Unified Code of Corrections provides:
 

 “(b) The period of supervision shall be reasonable under all of the circumstances of the case, but may not be longer than 2 years.” (Ill. Rev. Stat. 1981, ch. 38, par. 1005 — 6—3.1(b).)
 

 In People v. Oswald (1982), 106 Ill. App. 3d 645, 435 N.E.2d 1369, this court held, in the context of an order of supervision terminated instanter for misdemeanor offenses, that termination of supervision instanter was not authorized by statute because it was a way to avoid the above-cited statute, which requires that the period of supervision “shall be reasonable,” without exercising discretion. (106 Ill. App. 3d 645, 650, 435 N.E.2d 1369.) The defendant reasons, as did the court below, that our opinion in Oswald should not be read to apply to traffic offenses, such as speeding, where because of the volume of the cases it would be impractical, and often unnecessary, to require a reasonable period of supervision.
 

 It is a settled rule of law that the legislature has the authority to set the nature and extent of penalties. Courts will not interfere with such legislation unless the challenged penalty is clearly in excess of the very broad and general constitutional limitations applicable. (People ex rel. Carey v. Bentivenga (1981), 83 Ill. 2d 537, 542, 416 N.E.2d 259.) As we stated in Oswald, “[although the legislature has not seen fit to set a minimum period of supervision, the phrase ‘the period of supervision shall be reasonable,’ must be given its ordinary meaning. (People v. Blair (1972), 52 Ill. 2d 371, 373.)” (106 Ill. App. 3d 645, 650, 435 N.E.2d 1369.) There is nothing in this statute nor in its legislative history to indicate the legislature intended that the provision for a reasonable period of supervision should not apply to all offenses, including traffic offenses, for which a disposition of supervision is authorized under section 5 — 6—1(c) of the Unified Code of Corrections (111. Rev. Stat. 1981, ch. 38, par. 1005 — 6—1(c)). If, as defendant contends, a reasonable period of supervision for traffic offenses imposes impractical and unrealistic consequences upon the judicial system because of the high volume of traffic cases, the inappropriateness of actual supervision of those offenders, and the impracticality of reviewing their driving record at the end of the period of supervision, this is a matter for legislative correction. We conclude that the imposition and termination of supervision instanter as was ordered in the instant case for the traffic offense of speeding is not authorized by statute.
 

 We therefore reverse the judgment and remand the case to the trial court with instructions to vacate that portion of the order terminating supervision instanter and to enter an order in the proper exercise of discretion under section 5 — 6—3.1(b) of the Unified Code of Corrections.
 

 Reversed and remanded with directions.
 

 LINDBERG and VAN DEUSEN, JJ., concur.