THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHRISTINE LUNDGREN, Defendant-Appellee.

Third District   No. 3—85—0749

Opinion filed November 14, 1986.

STOUDER, J., dissenting.

James T. Teros, State's Attorney, of Rock Island (Gerald P. Ursini, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Durward J. Long, Sr., and D. Jamieson Long, Jr., both of Long & Long, P.C., of Rock Island, for appellee.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

On July 5, 1985, the defendant, Christine Lundgren, was issued a citation and complaint for failure to reduce speed to avoid an accident in violation of section 11—601(a) of article VI of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—601(a)). In allowing the defendant's motion to dismiss, the court found the complaint fatally deficient for not apprising the defendant of either her speed or the applicable speed limit in compliance with section 11—610(a) of the Illi-

nois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—610(a)). The State appeals, arguing that section 11—610(a) was inapplicable to the instant section 11—601(a) charge.

■■ Public Act 79—1069 (the amendment) amended section 11—610(a) to provide that the complaint charging violations of speed regulations in article VI of the Illinois Vehicle Code shall specify the defendant's alleged speed and the maximum applicable speed. To interpret the amendment, this court may consider the legislative history to ascertain the legislative intent and give effect to unambiguous statutory language. *People v. Scognamiglio* (1983), 119 Ill. App. 3d 747, 457 N.E.2d 99.

We note that effective January 1, 1976, the amendment explicitly expanded the scope of section 11—610 to include any article VI speed regulation, and that on the date of the alleged offense the prohibition against failing to reduce speed to avoid an accident was one of the general speed restrictions set forth in section 11—601.

■■ We acknowledge that a violation of section 11—601(a) only requires proof that the defendant drove carelessly and failed to reduce speed to avoid colliding with persons or property. (*People v. Schumann* (1983), 120 Ill. App. 3d 518, 458 N.E.2d 182.) However, we decline to exclude section 11—601(a) from the unambiguous legislative mandate of section 11—610(a). We find, therefore, that by not apprising the defendant of her alleged speed and the maximum speed applicable at the location of the accident, the complaint was fatally deficient. Consequently, the circuit court appropriately allowed the defendant's motion to dismiss.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

WOMBACHER, J., concurs.

JUSTICE STOUDER, dissenting:

I respectfully dissent from the position taken by my colleagues in rendering this decision.

A cardinal principle of statutory construction is that repeal by implication is not favored. (*United States v. Borden Co.* (1939), 308 U.S. 188, 84 L. Ed. 181, 60 S. Ct. 182.) Additionally, a repeal of a statute by implication will not be found unless the legislature clearly intended to do so. *People v. Moffitt* (1985), 138 Ill. App. 3d 106, 485 N.E.2d 513.

The language of section 11—610(a) prior to the adoption of the amending language specifically stated that the section was to pertain to the "failure to observe an applicable speed limit." (Ill. Ann. Stat., ch. 95½, par. 11—610(a) (Smith-Hurd 1970).) Other than bringing section 11—610(a) into complete conformance with section 11—807 of the Uniform Vehicle Code and Model Traffic Ordinance, I am unable to discern any particular purpose to the adoption of the new language.

If we are to interpret section 11—610(a) strictly, as the majority suggests, then we violate that cardinal rule of construction and effectively repeal the offense enumerated in section 11—601(a). This section, by its very language, is not susceptible of an objective determination as is the violation of a specific speed-limit statute. To require that such a violation be stated in specific terms eliminates its purpose and such an intent can not be attributed to the legislature. I would reverse the judgment of the trial court and hold that the charge stated an offense with sufficient specificity.