THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
BERNARD L. NABER, Defendant-Appellee.

Fourth District   No. 4—88—0739

Opinion filed March 9, 1989.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Jeff Justice, of Hull, Campbell & Robinson, of Decatur, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

This is an appeal by the People of the State of Illinois from an order of the circuit court of Macon County dismissing the traffic citation against the defendant Bernard L. Naber. On August 11, 1988, the defendant was charged by citation and complaint with failure to reduce speed to avoid an accident. On September 2, 1988, defendant

filed a motion to dismiss alleging that the complaint was fatally deficient under *People v. Lundgren* (1986), 149 Ill. App. 3d 458, 500 N.E.2d 727, *appeal denied* (1987), 113 Ill. 2d 581, 505 N.E.2d 358. On September 13, 1988, the trial court issued a written order granting defendant's motion to dismiss stating that the trial judge disagreed with *Lundgren* and believed allegations as to defendant's speed and the speed limit were unnecessary, but the judge felt he was required to follow *Lundgren.*

Taken with this case is defendant's motion to supplement the record on appeal with defendant's copy of the uniform traffic citation. The citation in the record has a parenthetical notation "(20 mph)" in the violation section. This parenthetical notation does not appear on defendant's copy of the citation. Defendant complains that, for the first time on appeal, the State is arguing the citation complies with the statute by reason of this parenthetical notation being present. Although we are not going to rely on the State's argument concerning the parenthetical notation, in fairness the defendant's motion to supplement the record on appeal is granted.

The statute with which the citation is said not to comply is section 11—610(a) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—610(a)), which states:

> "In every charge of violation of any speed regulation in this article the complaint, and also the summons or notice to appear, shall specify the speed at which the defendant is alleged to have driven and the maximum speed applicable within the district or at the location."

Defendant was charged under section 11—601(a) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—601(a)), the last sentence of which requires:

> "Speed must be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

In *People v. Lundgren* (1986), 149 Ill. App. 3d 458, 500 N.E.2d 727, the Illinois Appellate Court for the Third District determined that a citation and complaint for failure to reduce speed to avoid an accident which does not allege the speed of defendant's vehicle and the applicable speed limit is deficient. We respectfully disagree with our colleagues in the third district.

■■■ According to the Illinois Supreme Court in *People v. Steppan* (1985), 105 Ill. 2d 310, 316, 473 N.E.2d 1300, 1303:

> "The function of the courts in construing statutes is to ascer-

tain and give effect to the intent of the legislature. [Citations.] In ascertaining the intent of the legislature, it is proper for the court not only to consider the language employed by the statute, but also to look to the ' "reason and necessity for the law, the evils to be remedied, and the objects and purposes to be obtained." ' [Citations.] Moreover, in construing statutes, the courts presume that the General Assembly, in passing legislation, did not intend absurdity, inconvenience or injustice."

The interpretation placed on the statutes by the *Lundgren* decision leads to an absurd result. Since failure to reduce speed to avoid an accident is an offense which can occur regardless of the speed of defendant's vehicle or the applicable speed limit at the location of the accident (see *People v. Schumann* (1983), 120 Ill. App. 3d 518, 458 N.E.2d 182), it is illogical to require the allegation of defendant's speed and the local limit on the citation and complaint.

It seems clear that the intent of the legislature in enacting section 11—610(a) was to require defendant's speed and the limit to be alleged in cases involving a peace officer arresting a defendant for driving a motor vehicle in excess of the speed limit. In such cases, the officer usually observes the speeding vehicle visually or records the speed on radar. On the other hand, a citation for failure to reduce speed to avoid an accident is generally issued after the vehicle has come to a sudden halt as a result of a collision, the peace officer having made no observations of the speed of defendant's vehicle prior to the collision. Under these circumstances, requiring the citation and complaint to contain an allegation of defendant's speed and the speed limit, neither of which is an element of the offense, is illogical.

■ We recognize that the language of section 11—610(a) was amended effective January 1, 1976. Nevertheless, as the dissent in *Lundgren* points out, the legislature's amendment of section 11—610(a) should not be construed to impliedly repeal the offense of failure to reduce speed to avoid an accident. That would be the practical effect of the strict construction adopted by the *Lundgren* majority.

For these reasons, the order of the circuit court of Macon County dismissing the citation and complaint against defendant is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

LUND and KNECHT, JJ., concur.