THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
MARK A. LUKA, Defendant-Appellee.

Fifth District   No. 5—87—0846

Opinion filed June 13, 1989.

Gregory Grigsby, State's Attorney, of Taylorville (Kenneth R. Boyle,

Stephen E. Norris, and Thomas A. Dossett, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Michael K. Radloff, of Ryan, Cini & Bennett, of Mattoon, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

On July 23, 1987, the defendant, Mark Luka, drove a truck which collided with a truck driven by Earl Reese, who subsequently died of his injuries. On July 27, 1987, the State charged the defendant with failure to reduce speed to avoid an accident in violation of section 11—601(a) of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—601(a)). After the State rested its case at a bench trial before the circuit court of Christian County on December 10, 1987, the defendant moved for dismissal of the charge, asserting that the complaint was fatally deficient under *People v. Lundgren* (1986), 149 Ill. App. 3d 458, 500 N.E.2d 727, in that it failed to apprise him of either his speed or the applicable speed limit in compliance with section 11—610(a) of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—610(a)). The court granted this motion and the State appealed. We reverse the circuit court and remand this cause for further proceedings.

The State contends on this appeal that the trial court erred when it granted the defendant's motion to dismiss. The defendant was charged under section 11—601(a) of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—601(a)), which states that "[s]peed must be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care." Section 11—610(a) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—610(a)) prescribes that "[i]n every charge of violation of any speed regulation in this article the complaint, and also the summons or notice to appear, shall specify the speed at which the defendant is alleged to have driven and the maximum speed applicable within the district or at the location." Section 11—610(a) applies to speed regulations within article VI of the Code. Article VI of the Code includes section 11—601(a). It is uncontested that the complaint issued to the defendant did not specify the speed at which the defendant was alleged to have driven nor did it specify the maximum speed applicable within the district or at the location of the accident.

In *People v. Lundgren* (1986), 149 Ill. App. 3d 458, 500 N.E.2d 727, the defendant was charged with failure to reduce speed to avoid an accident. In allowing the defendant's motion to dismiss, the trial

court found the complaint fatally deficient for not apprising the defendant of either her speed or the applicable speed limit in compliance with section 11—610(a) of the Code. On appeal, the Illinois Appellate Court for the Third District affirmed, holding that the language in section 11—610(a) was an unambiguous legislative mandate. *Lundgren*, 149 Ill. App. 3d at 459, 500 N.E.2d at 728.

In the recent decision of *People v. Naber* (1989), 180 Ill. App. 3d 629, the Illinois Appellate Court for the Fourth District declined to follow *Lundgren*, holding that the interpretation placed upon sections 11—601(a) and 11—610(a) of the Code by the review court in *Lundgren* leads to an absurd result. After carefully reviewing the language of these statutes, we conclude that we must agree with our colleagues in the fourth district.

According to the Illinois Supreme Court in *People v. Steppan* (1985), 105 Ill. 2d 310, 316, 473 N.E.2d 1300, 1303:

> "The function of the courts in construing statutes is to ascertain and give effect to the intent of the legislature. [Citations.] In ascertaining the intent of the legislature, it is proper for the court not only to consider the language employed by the statute, but also to look to the ' "reason and necessity for the law, the evils to be remedied, and the objects and purposes to be obtained.' " [Citations.] Moreover, in construing statutes, the courts presume that the General Assembly, in passing legislation, did not intend absurdity, inconvenience or injustice."

Failing to reduce speed to avoid an accident in violation of section 11—601(a) of the Code requires proof that the defendant drove carelessly and that he failed to reduce speed to avoid colliding with persons or property. (*People v. Schumann* (1983), 120 Ill. App. 3d 518, 526, 458 N.E.2d 182, 188.) The offense does not require proof that the defendant was exceeding the applicable speed limit. Since the offense can occur regardless of the speed of the defendant's vehicle or the applicable speed limit at the location of the accident, it is illogical to require that the complaint allege the defendant's speed and the applicable speed limit.

When the legislature enacted section 11—610(a), its intent was clearly to require a peace officer who arrests a defendant for driving a motor vehicle in excess of the speed limit to state the defendant's speed and the applicable speed limit on the complaint. In such cases, the speed may be objectively determined because the officer usually paces the speeding vehicle or records the vehicle's excessive speed on radar. When the officer issues a citation for failure to reduce speed to avoid an accident, however, the citation is generally

issued after the vehicle has come to a sudden halt as a result of a collision. In this situation, the officer can make no observations of the speed of the defendant's vehicle prior to the collision. The officer would have a nearly impossible task attempting to subsequently reconstruct an objective determination of the defendant's speed for purposes of alleging that speed on the complaint. Under these circumstances, it is illogical to require the citation and complaint to contain an allegation of the defendant's speed and the speed limit, neither of which is an element of the offense. (*People v. Naber* (1989), 180 Ill. App. 3d 629, 631.) To require that the offense be stated in specific terms of speed eliminates the purpose of the statute and we are unable to attribute such an intent to the legislature.

For the foregoing reasons, the order of the circuit court dismissing the citation and complaint against the defendant is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

WELCH, P.J., and RARICK, J., concur.