THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
KEVIN A. HARRISON, Defendant-Appellee.

Third District   No. 3—89—0570

Opinion filed August 10, 1990.

Samuel Naylor VI, State's Attorney, of Carthage (Judith Z. Kelly and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Albert V. Ancelet, of Capps, Ancelet & Stoverink, of Carthage, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The State charged the defendant, Kevin A. Harrison, with failure to reduce speed to avoid an accident (Ill. Rev. Stat. 1987, ch. 95½, par. 11—601(a)). The trial court subsequently dismissed the charge, relying on our ruling in *People v. Lundgren* (1986), 149 Ill. App. 3d 458, 500 N.E.2d 727. The State appeals, asking this court to reconsider *Lundgren*.

The record shows that the traffic citation issued to the defendant did not allege the speed at which he was traveling or the speed limit at the location of the accident. In *Lundgren*, we held that a complaint

which fails to incorporate this information is fatally deficient.

■ We based our *Lundgren* decision on section 11—610(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—610(a)), which requires that all complaints for violation of article VI speed regulations must specify the defendant's alleged speed and the applicable speed limit. Given the plain and unambiguous language of section 11—610(a), we found that it applied to the article VI offense of failure to reduce speed to avoid an accident.

■ Since our *Lundgren* decision, the Fourth and Fifth Districts of the Illinois Appellate Court have ruled that a complaint charging this offense need not list the defendant's speed or the applicable speed limit. (*People v. Naber* (4th Dist., 1989), 180 Ill. App. 3d 629, 536 N.E.2d 118; *People v. Luka* (5th Dist., 1989), 184 Ill. App. 3d 84, 540 N.E.2d 14.) Both courts noted that a complaint for failure to reduce speed to avoid an accident is normally issued after the vehicle has come to a sudden halt as a result of a collision, with the peace officer having made no observations of the speed of the defendant's vehicle prior to the collision. Accordingly, requiring the officer to state on the citation the defendant's speed has the practical effect of making it nearly impossible to charge someone with this offense. This runs afoul of the rule of statutory construction stating that repeal by implication is not favored and will not be found unless the legislature clearly intended that result. (*People v. Moffitt* (1985), 138 Ill. App. 3d 106, 485 N.E.2d 513.) Further, both courts noted that there is no reason for listing the defendant's speed or the applicable speed limit in a section 11—601(a) complaint, since those facts are not elements of the offense. One can commit this offense at any speed, even when driving below the speed limit.

■ Having reconsidered this issue, we agree that requiring the State to include the defendant's speed in the complaint simply places an impossible, and meaningless, burden upon it. We further agree that there is no clear indication the legislature intended to repeal section 11—601(a). Accordingly, we hereby overturn *Lundgren* and hold that a complaint charging the offense of failure to reduce speed to avoid an accident need not allege the speed of the defendant's vehicle nor the applicable speed limit.

The judgment of the circuit court of Hancock County dismissing the charge against the defendant is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

HEIPLE, P.J., and BARRY, J., concur.