No. 2--02--0451                    

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Du Page County.

)

Plaintiff-Appellee, )

) 

v. ) No. 01--CF--2782

)

ANTHONY BRESLEY, ) Honorable

) Robert J. Anderson,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

Pursuant to an agreement with the State, the defendant, Anthony Bresley, pleaded guilty in the circuit court of Du Page County to unlawful restraint (720 ILCS 5/10--3 (West 2000)) and driving under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(1), (a)(2) (West 2000)).  The defendant appeals from the trial court's order striking, as untimely, his motion to reduce  his sentence.  He argues that his failure to timely file the motion is excused because the trial court did not admonish him properly under Supreme Rule 605(b) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(b), eff. October 1, 2001).  We vacate the defendant's sentence for DUI, in part, and remand the cause for further proceedings.

The defendant was charged with criminal sexual assault (720 ILCS 5/12--13(a)(1) (West 2000)), DUI, and various traffic offenses.  Pursuant to an agreement with the State, the criminal sexual assault charge was reduced to unlawful restraint, and in exchange for the defendant's guilty plea, the State recommended that the defendant be sentenced to five years' imprisonment.  The trial court accepted the recommendation and sentenced the defendant accordingly.  The agreement also provided that the defendant would plead guilty to DUI, but there was no agreement as to sentencing for that offense.  The trial court sentenced the defendant to "court supervision, terminating satisfactorily instanter."  Pursuant to the plea agreement, the remaining charges were nol-prossed.

After imposing sentence, the trial court admonished the defendant that he had the right to appeal, but that if he desired to do so, he would have to file a written motion within 30 days seeking to withdraw his guilty plea.  The trial court did not advise the defendant that he could move for reduction of his sentence.

More than two months after he was sentenced, the defendant mailed a motion for reduction of his sentence to the clerk of the circuit court.  The motion sought relief only with respect to the sentence for unlawful restraint.  The trial court reappointed the Du Page County assistant public defender who had represented the defendant in connection with his plea to represent him in connection with his motion.   After doing so, however, the trial court struck the motion as untimely.  This appeal followed.

On appeal, the defendant initially asserted that the plea agreement did not address sentencing and, therefore, his guilty plea was not "negotiated" for purposes of Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) and Supreme Court Rule 605(c) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(c), eff. October 1, 2001).  A negotiated guilty plea is "one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending."  188 Ill. 2d R. 604(d).  The defendant contended that because the plea was not negotiated, the trial court should have advised him, pursuant to Rule 605(b), that he could move for reduction of his sentence.  According to the defendant, the trial court's failure to do so excused his tardy filing of the motion, which ordinarily must be filed within 30 days of the date on which sentence is imposed (188 Ill. 2d R. 604(d)).

The State correctly responded that the defendant's plea to the charge of unlawful restraint was, in fact, negotiated; as part of the bargain, the State agreed to recommend a specific sentence.  Thus, according to the State, the admonition given by the court--that to appeal the defendant would first have to move to withdraw his plea--was complete (see Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(c)(2), eff. October 1, 2001).  In his reply brief, the defendant concedes that this is the case with respect to the unlawful restraint charge.  However, the defendant maintains that the plea of guilty to DUI was not negotiated and, therefore, the trial court's admonition was deficient with respect to that plea.  We need not address the issue, however, because we conclude that the disposition of the DUI charge was improper and must be vacated in part.

The trial court placed the defendant on "court supervision, terminating satisfactorily instanter" for DUI.  On two occasions this court has held that this is not an authorized disposition of a criminal charge.  Section 5--6--3.1(b) of the Unified Code of Corrections (730 ILCS 5/5–6–3.1(b) (West 2000)) provides that "[t]he period of supervision shall be reasonable under all of the circumstances of the case."  In 
People v. Oswald
, 106 Ill. App. 3d 645 (1982), we considered orders like the one here in consolidated appeals arising from prosecutions for battery and criminal trespass to land.  We rejected the argument that because the statute does not set forth a minimum supervision period, trial courts have discretion to place defendants on supervision terminated 
instanter
:

"The obvious purpose of having a period of supervision is to permit a meaningful opportunity to observe the conduct of the offender over some reasonable period of time.  By terminating the supervision instanter the trial court has frustrated the legislative intent and has denied the State and the court opportunity to insure to the public that the defendants' conduct did not warrant criminal records.  The termination of supervision instanter has the mark of subterfuge, a way to avoid the statute without exercising discretion.  We conclude that such a disposition is not authorized by statute."  
Oswald
, 106 Ill. App. 3d at 650.

In 
People v. Scognamiglio
, 119 Ill. App. 747 (1983), we rejected the argument that 
Oswald
 should not be applied "to traffic offenses, such as speeding, where because of the volume of the cases it would be impractical, and often unnecessary, to require a reasonable period of supervision."  
Scognamiglio
, 119 Ill. App. 3d at 752.

 Accordingly, we conclude that the disposition of the DUI charge is not authorized by statute because it does not conform to the statutory requirement that the period of supervision shall be reasonable.  The disposition was therefore void.  See 
People v. Arna
, 168 Ill. 2d 107, 113 (1995) ("A sentence which does not conform to a statutory requirement is void").
  This court has authority to correct a void sentencing order at any time, even when the parties have not raised the issue.  
Arna
, 168 Ill. 2d at 111, 113.

Pursuant to 
Oswald
 and 
Scognamiglio
, we vacate the portion of the trial court's order terminating his supervision 
instanter
 and remand the cause for the trial court to enter an order in the proper exercise of its discretion under section 5--6--3.1 of the Unified Code of Corrections (730 ILCS 5/5–6--3.1 (West 2000)).  
Oswald
, 106 Ill. App. 3d at 650; 
Scognamiglio
, 119 Ill. App. 3d at 753.  In light of this disposition, the timeliness of the defendant's motion to reduce his sentence and the trial court's compliance with Rule 605(b) are moot issues.  On remand, after entering an order under section 5--6--3.1, the trial court should properly admonish the defendant in accordance with Rule 605(b).

For the foregoing reasons, we vacate that portion of the trial court's order terminating the defendant's court supervision 
instanter
 and remand the cause for further proceedings in accordance with this opinion.  In all other respects, the judgment of the circuit court of Du Page County is affirmed.

Affirmed in part and vacated in part; cause remanded with directions.

O'MALLEY and GROMETER, JJ., concur.